**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMMANUEL CEUS,** | : | **No. 3:26cv1537** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **JESSICA SAGE,** | : | |
| **Respondent** | : | |

## MEMORANDUM ORDER

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Emmanuel Ceus, a native and citizen of Haiti. (Doc. 1). The petitioner is an immigration detainee in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at FCI-Lewisburg. Ceus has been removed to Haiti on two prior occasions. He seeks release from FCI-Lewisburg during the government's third effort.

This is also Ceus's second petition for writ of habeas corpus to come before the court related to his immigration detention. Previously, the Honorable Matthew W. Brann granted Ceus's first counseled petition and directed the government to provide the petitioner with a bond hearing.[1] Ceus v. Warden Fed.

[1] The Clerk of Court docketed this case as being filed by Ceus Emmanuel. The undersigned corrects the caption of the case based on the exhibits supplied by the government.

Corr. Inst., Lewisburg, No. 4:26-CV-00714, 2026 WL 907587, at *1 (M.D. Pa. Apr. 2, 2026). Ultimately, however, bond was denied.

The petition presently before the court does not challenge the process that was received after Chief Judge Brann issued the prior habeas order. Therefore, as explained below, the court is unable to provide the petitioner with additional relief.

**Background**

Ceus is 37 years old. (Doc. 6-3, Resp. Ex. 2 at 25). He first entered the United States in 2016. Id. at 17. He was removed after a DUI arrest in 2018. Id. Less than six months later, he was encountered by the United States Coast Guard in Florida. Id. He was charged and convicted of illegal reentry, 8 U.S.C. § 1326(a), and removed to Haiti again in 2019. Id. at 18, 30

Ceus applied for admission at the San Ysidro, California point of entry in 2023. Id. He was paroled into the United States and enrolled in ICE's Alternatives to Detention. Id. In April 2024, Ceus applied for temporary protected status. Id. He was never approved and that program has been terminated. Mullin v. Doe, 609 U.S. ---, 146 S. Ct. 2121 (2026).

In 2025, petitioner was arrested pursuant to a bench warrant for failure to appear in the 2018 DUI case. On April 1, 2025, Ceus was encountered by ICE at the Dauphin County Probation Office in Harrisburg, PA. ICE advised Ceus that

his custody was being redetermined based on his criminal convictions, i.e., DUI and illegal reentry. (Doc. 6-3, Resp. Ex. 2 at 17).

After approximately one year in ICE custody, Ceus was provided with a court-ordered bond hearing before an immigration judge. (Doc. 6-8, Resp. Ex. 7). On April 9, 2026, the IJ denied bond after determining that Ceus was a danger and a flight risk. Id. On April 16, 2026, the same IJ ordered the petitioner removed to Haiti. (Doc. 6-6, Resp. Ex. 5). Petitioner has appealed that decision to the Board of Immigration Appeals. (Doc. 6-9, Resp. Ex. 8). He is not subject to an administratively final order of removal.

**Analysis**

Faced with the prospect of continued detention during that appeal, Ceus filed the instant petition for writ of habeas corpus. He requests release as the result of alleged procedural and substantive due process violations. He also asserts a claim for violation of the Immigration and Nationality Act ("INA") and associated regulations. Additionally, he contends that he is not being provided appropriate medical treatment while in federal custody.

On behalf of respondent, the United States Attorney's Office for the Middle District of Pennsylvania argues that Ceus is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that petitioner has been afforded constitutionally sufficient

process. Respondent also argues that the medical treatment allegedly provided or not provided does not rise to the level that warrants habeas relief.

Upon review of the parties' arguments and the exhibits supplied by the respondents, Ceus has not substantiated his due process claims. To the extent that Ceus challenges his re-detention, he may be arrested and detained pending a [removal decision]." 8 U.S.C. § 1226(a). The decision to detain or release is discretionary under the statute. 8 U.S.C. § 1226(a)(1)–(2). There is no argument from the pro se petitioner challenging the text of the statute.

Rather, Ceus's procedural due process argument advances, in essence, that the government is not following its own rules. That is, he challenges whether the government appropriately revoked his order of supervision under 8 C.F.R. §§ 241.4, 241.13. Under those rules, an order of supervision may be revoked "on account of changed circumstances[.]" 8 C.F.R. § 241.13(i)(2). "To revoke such an order of supervised release, applicable regulations require both (1) adequate notice of the reasons for the revocation and (2) an 'initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.' " Youboty v. Mullin, No. CV 26-5013, 2026 WL 2169059, at *1 (E.D. Pa. July 28, 2026) (quoting 8 C.F.R. § 241.13(i)(3) and citing 8 C.F.R. § 241.4(l)).

The government has supplied a number of documents in response to the instant petition. It has not supplied any documents corresponding to these regulatory requirements.[2] This deficiency, however, does not compel the petitioner's release. Rather, the abuse of the writ doctrine precludes the court from considering arguments that could have been made at the time of the first Section 2241 petition but were not asserted.[3] Additionally, if those grounds were properly asserted in the prior petition, they would have only been additional reasons for Chief Judge Brann to grant habeas relief in the form of a bond hearing. See Ceus, 2026 WL 907587 at *3 (balancing Mathews v. Eldridge factors)

[2] In the absence of those documents, it is reasonable to presume that the "changed circumstances" were the administration's immigration enforcement priorities, Ceus's illegal reentry conviction, and his arrest on a warrant from a six-year-old DUI charge.

[3] By law, a Section 2241 petition is not subject to the gatekeeping mechanisms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), including bars on second or successive petitions. Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 441 (3d Cir. 2021); see also 28 U.S.C. §§ 2244(b), 2255(h). However, a Section 2241 habeas petition is still subject to the abuse of the writ doctrine. Id. The abuse of the writ doctrine is "a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions[,]" McCleskey v. Zant, 499 U.S. 467, 489 (1991), which define "the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus[,]" id. at 470. Under that doctrine, prior adjudications bear "vital relevance" in the court's discretion to determining whether to consider a petition for writ of habeas corpus. Id. at 482 (discussing Wong Doo v. United States, 265 U.S. 239 (1924)). Application of the abuse of the writ doctrine should also "be expected to yield a resolution in harmony with AEDPA." Anariba, 17 F.4th at 441 (quoting Zayas v. I.N.S., 311 F.3d 247, 255 (3d Cir. 2002)).

In response to Ceus's arguments, the government redirects the court to the process the petitioner eventually received. That is, after being ordered to do so by Chief Judge Brann, the government provided the petitioner with a custody redetermination hearing where an IJ determined that the petitioner was a flight risk. Based on this hearing and the averments in the petition and traverse, the court is precluded from considering Ceus's request for release.

A provision of the Immigration and Naturalization Act, 8 U.S.C. § 1226(e), provides that "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (quoting 8 U.S.C. § 1226(e)).

On the face of Ceus's petition, he seeks to compel his release from immigration detention using previously asserted and previously available arguments despite alleging no constitutional defect in the bond hearing he received on April 9, 2026 by way of a court order. Absent such allegations, direct review of an IJ's bond decision is plainly precluded by Section 1226(e) and Borbot.

Ceus also argues that he is not receiving adequate medical care at FCI-Lewisburg under ICE's own Performance-Based National Detention Standards. Ceus's claim derives from the alleged failure of prison medical staff to administer enough pain medication to manage the residual issues he experiences after being stabbed in the stomach in Haiti. However, even when the petitioner's allegations are liberally construed, such a claim ultimately comes down to the frequency that pain medication is administered to the petitioner by prison medical providers. There are no allegations that the decision not to administer pain medication is used as a form of punishment. The allegation that pain medication is occasionally provided also diminishes any consideration as to whether federal officials are deliberately indifferent to his medical needs. In any event, a habeas attack on conditions of confinement are cognizable only in "*extreme cases*." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 324 (3d Cir. 2020) (emphasis in original) (citation omitted). The petitioner has not supplied allegations suggesting that his situation rises to that level.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Emmanuel Ceus's second petition for writ of habeas corpus, (Doc. 1), is **DENIED**; and

2) The Clerk of Court is directed to close this case.

Date: 8/12/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court